IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV516-03-MU

GEORGE W. GANTT-EL, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
GOVERNOR MICHAEL EASLEY et., al., )
)
    Defendants. )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 18, 2006[1] (Document No. 1. ) Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be <u>transferred</u> to the federal District Court for the Eastern District of North Carolina.

According to his Complaint, the Plaintiff is an inmate who is currently confined in Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff's Complaint contains allegations against Governor Michael Easley, three defendants employed by the North Carolina Industrial Commission and a lawyer employed by North Carolina Prisoners Legal Services ("NCPLS").

Plaintiff contends that he forwarded complaints to Governor Michael Easley regarding alleged retaliation against him by medical staff at Polkton Correctional Institution. Although Governor Easley, or a member of his Public Affairs Office, wrote to Plaintiff and explained that his

---

[1] The Court notes that Plaintiff filed a § 1983 lawsuit against various staff members at Lanesboro Correctional Institution on September 13, 2006 which this Court dismissed on October 10, 2006 for failure to state a claim for relief. (See 3:06cv392.) The Court also notes that Plaintiff may have filed several other lawsuits under the name George Gantt-El and George Gantt in other districts that could possibly subject him to dismissal under 28 U.S.C. § 1915(g).

1

complaint would be forwarded to the Department of Corrections for corrective action, no corrective action was ever taken. Plaintiff also names Buck Lattimore, Bernadine Ballance and Linda Langdon – all employed by the North Carolina Industrial Commission. Plaintiff contends that he filed several actions with the North Carolina Industrial Commission, however Bernadine Ballance and Linda Langdon, under the supervision on Mr. Buck Lattimore and Governor Michael Easley, "intentionally ostraci[zed] plaintiff and den[ied] plaintiff requested forms (subpeonas (sic) - affidavits [and] writ of Habeas Corpus Ad Testificandum applications), E.T.C." (Complaint at 6.) Furthermore, Plaintiff contends that his letters to Ms. Langdon went unanswered causing Plaintiff "significant injury, anger and emotional pain." (Complaint at 7.) Defendants have ignored all Plaintiff's mail to the Industrial Commission (Complaint at 8.) Plaintiff also contends that Defendant Phillip Griffin, an attorney from North Carolina Legal Services, somehow delayed and impeded Plaintiff's mail to the Industrial Commission (Complaint at 8-9.) Finally, Plaintiff contends that Defendants subjected him to "unnecessary and wanton infliction of pain when they conspired to ostracise (sic) plaintiff and by failing to take corrective action." (Complaint at 9.)

It is clear that this Court does not have the authority to entertain the merits of Plaintiff's Complaint.[2] Indeed, venue in a civil action based upon a federal question, i.e. alleged violations of an inmate's civil rights is proper in : 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or

---

[2] The Court is aware that Plaintiff is currently housed at Lanesboro Correctional Institution which is situated within the Western District of North Carolina. However, all of the Defendants named in Plaintiff's Complaint have addresses in Raleigh, North Carolina which is located within the Eastern District of North Carolina. Furthermore, the allegations against the Defendants named in Plaintiff's Complaint do not relate to the conditions of Plaintiff's confinement at Laneboro Correctional Institution. Instead, they relate to how the each of the Defendants reacted to Plaintiff's complaints.

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

Here, all of the defendants named by the Plaintiff have business, and most likely personal, addresses in Raleigh, North Carolina. The Court has taken judicial notice that Raleigh, North Carolina is situated within the Eastern District of North Carolina. Consequently, because the face of the instant Complaint does not support a finding that the defendants reside in the Western District of North Carolina, but allegedly reside in the Eastern District of North Carolina, this Court will not entertain the merits of Plaintiff's claim and will transfer this Complaint to the Eastern District of North Carolina..

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Eastern District of North Carolina.

**SO ORDERED**.

Signed: December 27, 2006

Graham C. Mullen
United States District Judge